UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TYESHA N. ISOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-1506 (UNA) |
| | ) | |
| TEXAS STATE ATTORNEY GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). The Rule 8 standard ensures that defendants receive fair notice of

the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

According to plaintiff, her "civil union partner, Zachary Cowan" is missing, either having run away or having been abducted. Compl. at 2. This appears to be the sole cogent allegation in the complaint, which otherwise is a disorganized document raising myriad topics, from property rights, *see id*. at 3, to bank fraud, *see id*. at 4, and to violations of the Eighth Amendment to the United States Constitution, *see id*.

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a). The complaint fails to put defendant on notice of the claim(s) against him; the basis for this Court's jurisdiction is unclear; and plaintiff does not set forth a basis for her demand for $500 million. The Court, therefore, will dismiss the complaint without prejudice. An Order is issued separately.

DATE: July 24, 2024                                       TREVOR N. McFADDEN
                                                          United States District Judge